[No. 22352.  Department One.  May 20, 1930.]
LEE LUGER, *Respondent,* v. F. B. LITTAU, *Appellant,*
CLAUDE BANNICK, *Defendant.*[1]

*Reuben Lee Crandell,* for appellant.
*Longfellow & Fitzpatrick,* for respondent.

TOLMAN, J.—This is an appeal from an order refus-ing to set aside a default judgment entered in an action on a promissory note.

By the petition and the evidence offered in support of it, it was sought to establish that the default had been entered as a result of mistake and excusable neg-lect, and that the defendant, the appellant here, had a meritorious defense to the action. After hearing, the trial court found with the appellant on the question of mistake and excusable neglect and against him on the question of a meritorious defense.

We think the order appealed from is sustain-able upon the first ground as well as upon the second, and, since no good purpose would be served by an ex-tended discussion of the facts involved in the proposed

[1]Reported in 288 Pac. 277.

defenses, we prefer to confine ourselves to the question of neglect.

Summons and complaint in the action were served upon the appellant on May 21, 1929. Within a few days thereafter, he consulted an attorney, not now in the case, and engaged him to defend the action, but paid him nothing. The attorney thus engaged served a general appearance in the action on June 7, 1929, and thereafter, in spite of repeated demands for an answer, did nothing but seek to gain time. On July 9, 1929, respondent's attorneys notified the appellant's then attorney by letter that, unless an answer was served by twelve o'clock noon on July 13, 1929, they would immediately proceed to take default and judgment. No answer being served, the usual motion for default, supported by affidavit and notice of hearing, was served on appellant's attorney, filed on July 16, and an order of default, findings, conclusions and judgment were duly entered on July 17, 1929.

Upon the receipt of the letter of July 9, as well as previous thereto, appellant's then attorney used due diligence in advising his client of the conditions and urging him to come in and give the matter the necessary attention, but without results.

Two or three days before the default was actually entered, appellant procured the papers in the cause from the office of his then attorney, from the stenographer in charge during the attorney's absence, and took them to still another attorney, not now in the case, who seems to have drafted an answer. But after some telephonic communication with the first attorney, the second attorney appears to have refused to proceed further until a stipulation with the first attorney for substitution should be obtained. There may have been, and probably was, some misunderstanding between these attorneys, but while excusable as to them, we can-

not hold that it was excusable as to the appellant. He was promptly given a copy of the letter of July 9, knew that respondent had fixed noon of July 13 as the last moment of grace, and if he chose at that critical time to change attorneys, the burden was on him to give personal attention to the matter and to see that the substitution was properly and promptly made and his answer duly served within the time limited. This he entirely failed to do, and no adequate excuse is offered for his inattention and neglect.

Perhaps, if we could say that justice had been denied and that an unjust judgment had, in fact, been entered, a more liberal rule would be applicable, but with the finding by the trial court against a meritorious defense, with which we agree, there is no reason for attempting to excuse palpable indifference and neglect.

The judgment is affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.